UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:18-CR-088 |
| | ) | |
| SAMUEL ALEX GANN | ) | |

## **MEMORANDUM AND ORDER**

The defendant pleaded guilty to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). He will be sentenced on July 29, 2019.

In November 2018, the United States Probation Office disclosed its initial Presentence Investigation Report [doc. 22], which in light of then-binding Sixth Circuit authority, *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017), did not deem the defendant an Armed Career Criminal under the Armed Career Criminal Act ("ACCA"). The prosecution objected to the initial Presentence Investigation Report because the United States Supreme Court had granted certiorari in *Stitt*. [Doc. 25].

Soon thereafter, the Supreme Court reversed *Stitt*. *See United States v. Stitt*, 139 S. Ct. 399 (2018). The probation office subsequently disclosed an Amended Presentence Investigation Report ("PSR") now finding the defendant to be an Armed Career Criminal. [Doc. 30].

The ACCA tables having turned, the defendant then filed three objections to his ACCA designation. [Doc. 32]. The United States has responded to those objections and

the defendant has filed a reply. [Docs. 33, 36]. For the reasons that follow, the defendant's objections will be overruled.

I.

*Background and Authority*

The ACCA provides, "In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . ."). *See* 18 U.S.C. § 924(e)(1). The PSR in this case cites four prior convictions, found at paragraphs 28 through 31 of that document, as meeting the ACCA definition of "violent felony."

Three of those convictions are for Tennessee aggravated burglary, and the other is for Tennessee burglary of a building. For one or more reasons, the defendant objects that none of those convictions constitute "violent felonies" for purposes of the ACCA and, in the alternative, that less than three of the felonies were "committed on occasions different from one another."

II.

*Objection One*

The defendant first objects that the crimes of aggravated burglary and burglary of a building under Tennessee law are broader than the definition of "generic burglary" described in *Taylor v. United States*, 495 U.S. 575, 598 (1990), and thus may not be used as ACCA predicates. The defendant acknowledges "contrary precedent" under Sixth

Circuit law but urges this Court to "correct the error" of the Sixth Circuit's prior "incomplete summar[ies]" and "incomplete or inaccurate descriptions of Tennessee law." [Doc. 32, p. 11-12; doc. 36, p. 15].

This Court is of course bound by Sixth Circuit precedent and is "not free to pick and choose the portion of a prior published decision that [the Court] will follow and those that [it] will disregard. Nor [does the Court] enjoy greater latitude in situations where . . . precedents purportedly are tainted by analytical flaws." *Grundy Mining Co. v. Flynn*, 353 F.3d 467, 479 (6th Cir. 2003). For that reason, the defendant's first objection will be overruled.

III.

*Objection Two*

Next, the defendant objects that the ACCA cannot be applied in this case because the "remaining-in" variant of Tennessee aggravated burglary does not require proof of intent to commit a crime upon entry and thus is not "generic burglary." The United States Supreme Court recently issued its decision in *Quarles v. United States*, 139 S. Ct. 1872 (2019). There, the unanimous Court held that "generic remaining-in burglary occurs under 924(e) when the defendant forms the intent to commit a crime *at any time* while unlawfully remaining in a building or structure." *Quarles*, 139 S. Ct. at 1880 (emphasis added). *Quarles* thus defeats the defendant's second objection.

Post-*Quarles*, the defendant has shifted gears to argue that the two Tennessee burglary statutes at issue are not "generic burglary," and thus cannot be the source of ACCA predicates, because the crimes can be committed recklessly. The defendant again

3

argues that contrary Sixth Circuit precedent [*United States v. Verwiebe*, 874 F.3d 258 (6th Cir. 2017) and *Dillard v. United States*, 768 F. App'x 480 (6th Cir. 2019)] should be disregarded as "wrongly decided." [Doc. 36, p. 21]. That is an argument for the defendant to address with the Sixth Circuit in an *en banc* setting, or with the United States Supreme Court. *See, e.g., Sykes v. Anderson*, 625 F.3d 294, 319 (6th Cir. 2010). The defendant's second objection is, in all its incarnations, overruled.

IV.

*Objection Three*

Lastly, the defendant objects that his three prior Tennessee aggravated burglary convictions amount to only one collective ACCA predicate because the United States cannot prove that the three crimes were "committed on occasions different from one another" as required by the ACCA. The defendant is incorrect.

Crimes are committed on different occasions from one another for purposes of the ACCA if:

> 1. It is possible to discern the point at which the first offense is completed, and the subsequent point at which the second offense begins;
>
> 2. It would have been possible for the offender to cease his criminal conduct after the first offense, and withdraw without committing the second offense; or
>
> 3. The offenses are committed in different residences or business locations.

*United States v. Paige*, 634 F.3d 871, 873 (6th Cir. 2011) (citing and quoting *United States v. Hill*, 440 F.3d 292, 297-98 (6th Cir. 2006)). The prosecution bears the burden of proving,

4

by a preponderance of the evidence, that the prior crimes were indeed committed on different occasions. *See United States v. Pham*, 872 F.3d 799, 801 (6th Cir. 2017).

At paragraphs 28 through 30, the PSR states that the three aggravated burglaries occurred on or about October 26, October 26, and October 19, 2001, respectively, at three distinct addresses. According to the PSR, the defendant was sentenced for each crime on January 6, 2012. "[T]he fact that a defendant was convicted for two [or more] offenses during the same judicial proceeding does not prevent those offenses from constituting 'occasions different' under the ACCA." *United States v. McCauley*, 548 F.3d 440, 448 (6th Cir. 2008). Nonetheless, the PSR in this case cannot be dispositive of the "different occasions" issue because it is not an approved *Shepard* document. *See, e.g., United States v. Gardner*, 649 F.3d 437, 445 (6th Cir. 2011).

Instead, the Court's inquiry is limited to those documents approved by the *Shepard* Court: "the charging document, the terms of a plea agreement or transcript of a plea colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or . . . some comparable judicial record of this information." *Shepard v. United States*, 544 U.S. 13, 26 (2005); *see also United States v. King*, 853 F.3d 267, 270-71, 273 (6th Cir. 2017) (A court's "different occasions" inquiry is restricted to *Shepard*-approved documents.). A judgment of conviction is also a "comparable judicial record" reviewable under *Shepard*. *See United States v. Southers*, 866 F.3d 364, 369 (6th Cir. 2017); *United States v. Sosa*, 448 F. App'x 605, 609 (6th Cir. 2012). Additionally, the Court may only consider those facts contained in *Shepard* documents that were

"necessarily determined beyond a reasonable doubt by the trier of fact or necessarily admitted by the defendant." *King*, 853 F.3d at 273.

In this case, the Court will begin its analysis with the state court charging documents. [Doc. 32, ex. 1, unnumbered p. 1, 3, 5]. Those documents allege that the defendant violated the Tennessee aggravated burglary statute (Tenn. Code Ann. § 39-14-403) on or about October 24, October 19, and October 26, 2011, respectively. Each document alleges that the crime occurred at "the habitation of" distinct named victims.

Next, the Court looks to the state judgments for each aggravated burglary. [Doc. 32, ex. 1, unnumbered p. 2, 4, 6]. Each judgment is signed by the defendant or his attorney. Each judgment shows that the defendant was indeed convicted of aggravated burglary. Each judgment—for the purpose of restitution—lists the name of the victim in each case (matching the names listed in the charging documents), providing a unique address for each victim. Each judgment also specifies the offense date for each crime. Those offense dates match the charging documents and are different from one another (October 24, October 19, and October 26, 2011).

Next, the Court has considered the state plea colloquy. [Doc. 32, ex. 2]. That document records the following exchange:

<u>The Court</u>: General Tayloe, can I get a factual basis?

<u>Ms. Tayloe</u>: Yes, Your Honor. In C-20388 [PSR ¶ 29], Mr. Gann did enter the home of Joann Burnett and taking [sic] items that belonged to her without her consent. . . .

<u>The Court</u>: Okay. Do you agree the State could prove those facts at trial?

<u>The Defendant</u>: Yes.

6

> . . .
>
> <u>Ms. Tayloe</u>: In C-23090 [PSR ¶ 30], he entered the home of Susan Johnson and took an X-Box 360 . . . .
>
> <u>The Court</u>: Do you agree the State could prove those facts at trial?
>
> <u>The Defendant</u>: Yes.
>
> <u>Ms. Tayloe</u>: And then in C-20391 [PSR ¶ 28], the first count, the aggravated burglary, he entered the home of Missy Geiger without her consent and stole several pieces of her jewelry. . . .
>
> <u>The Court</u>: Would you agree the State could prove those facts at trial?
>
> <u>The Defendant</u>: Yes.
>
> <u>The Court</u>: Okay. Do you understand that by your pleas of guilty that these convictions can be used against you in a subsequent prosecution if you're ever charged with another crime?
>
> <u>The Defendant</u>: Yes.
>
> . . .
>
> <u>The Court</u>: Is there anything about this agreement you do not understand?
>
> <u>The Defendant</u>: No.
>
> <u>The Court</u>: Do you have any questions at all about these cases?
>
> <u>The Defendant</u>: No.

*Id.* pp. 21-24.

Having considered these *Shepard* documents, the Court is easily satisfied by a preponderance of the evidence that the defendant's three Tennessee aggravated burglaries were "committed on occasions different from one another" as required by the ACCA. In the state court judgments, the defendant admitted that each aggravated burglary was

7

committed on a different date. *See Paige*, 634 F.3d at 873. In his judgments and his plea colloquy, the defendant admitted that each aggravated burglary was committed at a different residence. *See id.*

The PSR therefore correctly concludes that the defendant has <u>four</u> ACCA predicate convictions. He is an Armed Career Criminal. His third objection will be overruled.

V.

*Conclusion*

As provided herein, the defendant's objections to his PSR [doc. 32] are **OVERRULED**. Sentencing remains set for Monday, July 29, 2019, at 1:30 p.m. in Knoxville.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge